1829.

Hall
v.
Wood.

---

### George Hall v. Thaddeus M. Wood.

Where exceptions to an answer have been allowed, and the defendant on the application of the adverse party, puts in an entire new answer to the bill, the complainant has no right to treat it as an answer to the exceptions only; but if the new answer is insufficient, he must file new exceptions.

Where matters charged in the bill, as the acts of the defendant himself, are of such a nature that he can be presumed to recollect them if they ever took place, a positive answer is, in general, required.

But where the facts are such that it is probable he cannot recollect them so as to answer more positively, a denial of the facts, according to his knowledge, recollection and belief, will be sufficient.

This was a case on exceptions to a master's report on exceptions to an answer. The facts appear in the opinion of the court. <span style="float:right">Feb. 17th.</span>

*D. W. Forman*, for complainant.

*S. M. Hopkins*, for defendant.

The Chancellor:—The complainant filed exceptions to the original answer of the defendant, which, on reference to a master, were, in part, allowed. The bill having been *taken as confessed in consequence of the neglect of the defendant to put in a further answer and pay the costs, he applied to be let in to make a defence on affidavits of merits and of mistake, or accident having prevented his [*405]

complying with the former order of the court.  The answer being very voluminous, he was desirous of saving the expense of an entire new answer ; but the complainant's counsel insisted that if he was let in they were entitled to a new answer, which should be full and complete ; and that the defendant ought to be prohibited from setting up the statute of limitations as a defence in the new answer.  The court compelled the defendant to submit to these terms ; and also required him to pay $50 over and above the taxable costs to remuncrate the complainant for counsel fees and extra expense.  The order for taking the bill *pro confesso* was set aside on condition that such costs and extra allowance were paid, and a full and perfect answer put in within forty days, The defendant complied with these conditions, and put in a new answer.  Instead of excepting to this answer, in the usual form, the complainant referred it to the master upon the voluminous exceptions taken to the first answer, many, or most of which were wholly inapplicable.  The master, without inquiring into the regularity of this proceeding, examined the answer in respect to the exceptions which were allowed by him to the original answer, and certified that the same was a good and sufficient answer to the bill, and that the exceptions ought not to be further insisted on.

The whole of this reference and proceeding before the master has been irregular.  The complainant had a right to retain the former answer and proceedings thereon, and to compel the defendant to answer further.  The defendant wished to do this, but the complainant insisted upon having an entire new answer.  After he had succeeded in this request, and been paid for the intermediate costs, he had no right to treat this as an answer to the exceptions.  And if it was an insufficient answer to the bill, he should have filed new exceptions.

Under these circumstances, I have not looked into the new answer for the purpose of determining whether it was a *technical answer to all the exceptions which were allowed

1829.

Hall
v.
Wood.

by the master on the reference of the first answer; but only so far as to see whether the new answer was sufficient in substance. For this purpose the new answer must be examined by itself, and without reference to what was contained in the former answer. And for the purposes of this application it must also be taken to be true.

The defendant has annexed copies of the accounts, and brought into the register's office the partnership books, from which the complainant may be enabled to obtain all the information which his co-partner, the defendant, possesses on the subject. And he swears that the account given by him is the best he can make or render in the premises, and is as full and complete as he is capable of making it. And as to certain specific inquiries as to sums and amounts, he says he does not know, is not informed, has no means of knowing and cannot answer. If this is true, he certainly could not give a more perfect answer to those particulars without committing perjury.

It is supposed by the complainant's counsel, that he ought to have denied positively that he had within six years received any other sums than those mentioned in his answer. He swears that he did not receive any other sum or sums from any person or persons to his knowledge, recollection, information or belief, and he therefore denies that he did receive any other sum or sums. The objection to the answer in this particular is founded upon one of Lord Clarendon's orders, which is thus stated in Hoffman's Chancery; " An answer to a matter charged as the defendant's own fact, must be direct, without saying that it is to his remembrance, or as he believeth, if it be laid to be done seven years before, unless the court upon exception taken, shall find special cause to dispense with so positive an answer." The exception in the rule takes this case completely out of its operation. Certain facts and transactions make such an impression upon the mind of the defendant, that he is presumed to be able to answer positively whether they were so or not, unless he set forth some reason or excuse, from

which it may appear possible that the circumstances have escaped his recollection. *A *non mi ricordo* answer, as to such facts, is always considered evasive. But even there compelling the defendant to answer positively, is a measure of doubtful policy, except with a view to a conviction for perjury; for if he had prevaricated in the first instance, he would probably give a positive denial of the fact if compelled to answer further. But in the case now under consideration, the court must see that it is impossible for a man who has been collecting outstanding accounts for many years, to swear positively that he has not received any other sums than those entered on his books of account. A positive answer, in such a case, to a conscientious man, might appear very much like swearing to what he could not know. And upon the exception in Lord Clarendon's order, the court must see special cause to dispense with so positive an answer where there is room to doubt whether the defendant can answer in the manner prescribed by that rule, without doing violence to his conscience. In *Hall* v. *Bodily*, (1 Vern. 470,) decided since the order of Lord Clarendon, the defendant answered, that he received no more than the sum of £   to his remembrance, and it was held so far a good answer.

On the whole I am satisfied with the decision of the master upon this answer. The exceptions must be overruled, and the report confirmed; and the complainant must pay to the defendant his costs on the reference and upon the hearing on the exceptions to the report.